UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REFLEX MEDIA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br>RICHMEETBEAUTIFUL HOLDING LTD, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-01476-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for Additional Time to Serve and Permit Alternative Methods of Service on Foreign Defendants (ECF No. 17), filed on December 21, 2018.

This matter arises from allegations of trademark infringement, false advertising, contributory trademark infringement, and vicarious trademark infringement. *See Complaint* (ECF No. 1). Plaintiffs represent that they have attempted to serve Defendants at their registered place of business and last known business address in Malta on September 12 and October 9, 2018. *See Plaintiffs' Motion* (ECF No. 17), 4-9. Plaintiffs are now attempting to effectuate service on all Defendants at another address in Malta and Defendant Vedal[1] in Norway. *Id.* Plaintiffs request an additional 5 months to effectuate service as well as leave to serve Defendants by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

Pursuant to LR IA 6-1, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure – which governs the time limit of service – allows the court to grant an extension of time for service if the plaintiff can show good cause for

---

[1] Plaintiffs represent that to the best of their knowledge, Defendant Vedal is the founder and chief executive officer of Defendants RichMeetBeautiful Holding LTD and Digisec Media Limited.

1

the failure to timely serve a defendant. The Court finds that Plaintiffs have provided sufficient good cause to warrant the requested 5 month extension of time to effectuate service and, therefore, grants Plaintiffs' request for extension.

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States ... by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir.2002). The method of service of process must, however, comport with constitutional notions of due process. *Id.* at 1017. Due process requires that a defendant in a civil action be given notice of the action such that it is reasonably calculated to apprise the defendant of the pendency of the action and affords them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiffs represent that their attempts of service were returned because Defendants moved premises. *See Plaintiffs' Motion* (ECF No. 17), 9. Plaintiffs seek permission to serve Defendants via email at three email addresses located from Defendant RichMeetBeautiful Holding Ltd's website, a registry domain database website, and Twitter, a social media platform. *See Plaintiff's Motion* (ECF No. 17), Exhibits 7-9. Plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015). Here, service by email meets the due process requirements of apprising Defendants of the pendency of the lawsuit. Further, service by email upon Defendants will not violate any international treaties. The Court, therefore, grants Plaintiffs' request to serve Defendants via email. Accordingly,

. . .

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Additional Time to Serve and Permit Alternative Methods of Service on Foreign Defendants (ECF No. 17) is **granted**.

Dated this 8th day of January, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE