# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REFLEX MEDIA, INC. and CLOVER8 INVESTMENTS PTE. LTD.,<br><br>Plaintiffs<br><br>v.<br><br>RICHMEEETBEAUTIFUL HOLDING, LTD.; DIGISEC MEDIA LIMITED; and SIGURD VEDAL,<br><br>Defendants | Case No.: 2:18-cv-01476-APG-EJY<br><br>**Order Granting in Part Defendants' Motion to Dismiss**<br><br>[ECF No. 37] |

Plaintiff Reflex Media, Inc. (RMI) operates online dating websites, including SeekingArrangement.com and Seeking.com. Plaintiff Clover8 Investments PT Ltd. (Clover8) owns trademarks for RELATIONSHIP ON YOUR TERMS, MUTUALLY BENEFICIAL ARRANGEMENTS, and MUTUALLY BENEFICIAL RELATIONSHIPS, which are used in the operation of RMI's dating websites. The plaintiffs contend the defendants use the trademarks on their own dating website, RichMeetBeautiful.com, and direct affiliate marketers to use the marks in advertising. The plaintiffs contend the defendants did so to intentionally trade on the goodwill the plaintiffs have developed over several years with their marks and to confuse customers into believing the defendants' website is associated with or endorsed by the plaintiffs. They assert one count of trademark infringement based on each mark, false advertising under the Lanham Act, and contributory and vicarious trademark infringement.

The defendants move to dismiss, arguing that the amended complaint's allegations show the defendants used the trademarked terms in their ordinary sense and not as source descriptors. They thus contend they are entitled to the protection of the fair use defense. Defendant Sigurd

Vedal also argues the court lacks personal jurisdiction over him because he is a Norwegian citizen with no connection to Nevada.

The plaintiffs respond that the fair use defense fails because the defendants do not use the phrase to describe their own product and instead copied the plaintiffs' website and trademarks in bad faith. As to Vedal, they argue he owns the other two defendants, Digisec Media Limited (Digisec) and RichMeetBeautiful Holding Ltd. (RMB Holding) and directed them to copy and use the plaintiffs' marks in marketing the RichMeetBeautiful.com website.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I deny the defendants' motion regarding the fair use defense because the plaintiffs have alleged facts that call into question whether the defendants' use was in good faith. I grant the defendants' motion as to Vedal because the plaintiffs have not established a prima facie case that he is subject to personal jurisdiction in Nevada.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

/ / / /

/ / / /

### A. Fair Use

The defendants assert they are not liable as a matter of law under the classic fair use defense, which is codified in the Lanham Act at 15 U.S.C. § 1115(b). The classic fair use defense arises from the principal that "[a] junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002) (quotation omitted). "To establish a classic fair use defense, a defendant must prove the following three elements: 1. Defendant's use of the term is not as a trademark or service mark; 2. Defendant uses the term fairly and in good faith; and 3. [Defendant uses the term] [o]nly to describe its goods or services." *Id.* (quotation omitted, alteration in original). The "classic fair use defense is not available if there is a likelihood of customer confusion as to the origin of the product." *Id.*

I deny the defendants' motion because the plaintiffs have alleged facts plausibly showing the defendants' use of the trademarks was not in good faith. The plaintiffs allege the defendants copied three different trademarks, modeled the placement and styling of the trademarks on the RichMeetBeautiful.com website after the plaintiffs' website, inserted trademarks in the website's metadata, and copied word for word (including a typographical error) customer reviews from the plaintiffs' website. Although the customer reviews do not contain the trademarks, the defendants' copying of those reviews supports the inference that the defendants were intentionally copying other aspects of the plaintiffs' website, including its trademarks. The plaintiffs also allege the defendants encouraged affiliate marketers to use the trademarks in advertising. Fair use is a defense that the defendants bear the burden of pleading and proving, so it is not particularly suitable to resolution at the motion to dismiss stage. But even if it were, the

plaintiffs have plausibly alleged facts showing that the defendants did not act in good faith. I therefore deny the defendants' motion to dismiss on this basis.

**B. Vedal**

Vedal contends this court lacks personal jurisdiction over him because he is a Norwegian resident who has no contacts with Nevada. The plaintiffs respond that they have alleged Vedal owns Digisec and RMB Holding, who run the RichMeetBeautiful.com website, and that he directed them to commit the alleged trademark violations. They also argue that they have alleged the defendants have conducted business in Nevada through the website, allowing Nevada residents to create accounts, pay account fees, and interact with potential online dating partners.

When a defendant moves to dismiss for lack of personal jurisdiction on the basis of written materials[1] rather than an evidentiary hearing, I must determine whether the plaintiffs' "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiffs have met his burden, I must accept as true the uncontroverted allegations in the amended complaint. *Id.*

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also* Nev. Rev. Stat. § 14.065. I therefore look to the federal standard, which requires the defendant to "have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not

---

[1] Vedal's motion is not supported by an affidavit attesting to his lack of contacts with Nevada. The plaintiffs do not dispute that Vedal has no contacts with Nevada other than what is alleged in the amended complaint.

4

offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801 (quotation omitted). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. The plaintiffs rely on only specific jurisdiction.

      Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). I apply a three-prong test to determine whether specific jurisdiction exists: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the plaintiffs' claims must "arise[ ] out of or relate[ ] to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction . . . must be reasonable." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quotations omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test," and if the plaintiff successfully does so, the burden "shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quotation omitted).

      In analyzing specific jurisdiction, the court "focuses on the relationship among the defendant, the forum, and the litigation . . . . [T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation omitted). The "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. "Each defendant's

contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

The plaintiffs have not established a prima facie case that Vedal purposefully availed himself of, or purposefully directed activity at, Nevada. The plaintiffs allege Vedal is the owner and Chief Executive Officer of Digisec and RMB Holding. ECF No. 27 at 4. They allege he created RichMeetBeautiful.com and "directed each corporation in their unlawful acts" of using the plaintiffs' trademarks on RichMeetBeautiful.com, through which some Nevada residents have created accounts, paid account fees, and interacted with potential dates. *Id.* They also allege that RMI is a Nevada entity with its principal place of business in Nevada, so RMI experiences the harm from the infringement in Nevada. *Id.* at 4, 7.

Vedal's creation of a website accessible to anyone worldwide does not show Vedal expressly aimed his conduct at Nevada. The fact that RMI is located in Nevada and may suffer injury here is not sufficient to show Vedal is connected to the forum. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way. *Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). Absent other facts tying Vedal's conduct to Nevada, his alleged direction that the other defendants copy content from the plaintiffs' websites, which are also accessible anywhere to anyone with an internet connection, does not constitute action expressly aimed at Nevada. Nor does the fact that the website Vedal created later obtained some unidentified number of Nevada customers show Vedal expressly aimed his conduct at Nevada. I therefore grant the defendants' motion to dismiss Vedal for lack of personal jurisdiction.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 37) is GRANTED in part**. Defendant Sigurd Vedal is dismissed for lack of personal jurisdiction. The motion is denied in all other respects.

DATED this 20th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE